FILED
United States Court of Appeals
Tenth Circuit

April 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID A. SPEER,

      Plaintiff - Appellant,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Defendant - Appellee.

No. 15-6183
(D.C. No. 5:14-CV-00669-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

Plaintiff David A. Speer, proceeding pro se, filed a complaint in state court

against defendant, The Prudential Insurance Company ("Prudential"), and his brother,

Norman Speer ("Norman").  Prudential was the plan administrator for a life insurance

policy for Mr. Speer's father.  After his father passed away, Prudential prepared a

check made out to Mr. Speer for half of the proceeds of the policy and one made out

to Norman for half of the proceeds of the policy.  Prudential mailed both checks to

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Norman's address based on information that Norman had provided to them in a sworn affidavit. Both checks were cashed shortly thereafter.

Mr. Speer was incarcerated at the time of his father's death and did not learn of the insurance proceeds until a later date. Once he learned about the policy, he contacted Prudential and informed them he had not received his check. He requested that Prudential re-issue the check to him. Prudential attempted to assist Mr. Speer in filing a fraud claim with the bank where his check had been cashed, but due to delays in communicating with Mr. Speer while he was in prison, the statute of limitations expired on that claim. Prudential ultimately denied Mr. Speer's request to re-issue the check, explaining it had legally discharged its obligation on the policy when payment was made via a check naming Mr. Speer as the payee.

In his complaint, Mr. Speer alleged Prudential wrongfully turned over his share of his father's life insurance proceeds to his brother, and that Norman forged the check and converted the proceeds for his own use. Mr. Speer sought to recover the insurance benefits he allegedly never received.

Prudential removed the case to federal court. The district court subsequently denied Mr. Speer's motion to remand based on its determination that his claims were completely preempted by the Employee Retirement Income Security Act ("ERISA").[1] Mr. Speer filed several motions requesting additional discovery beyond the

[1] The district court severed Mr. Speer's claims against his brother and remanded those to state court.

administrative record[2], all of which the district court denied. Prudential ultimately moved for summary judgment and the district court granted the motion. Mr. Speer now appeals, arguing that the district court erred in denying his motions to remand and for additional discovery and in granting summary judgment in favor of Prudential. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I. Discussion

We review de novo the district court's summary judgment ruling, applying the same standard as the district court. *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1225 (10th Cir. 2016). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We also review de novo the district court's denial of a motion to remand for lack of removal jurisdiction." *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). We review for abuse of discretion the district court's denial of Mr. Speer's motions for additional discovery. *See F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013).

A. *Motion to Remand*

In its notice of removal, Prudential explained that Mr. Speer's state action sought to recover proceeds from a group life insurance policy issued by Prudential to Mr. Speer's father's employer in connection with an ERISA-governed employee

---

[2] The administrative record is "the materials compiled by the [plan] administrator in the course of making his decision." *Weber v. GE Grp. Life Assurance Co.*, 541 F.3d 1002, 1011 (10th Cir. 2008) (internal quotation marks omitted).

benefits plan. Prudential further explained that ERISA provides an exclusive federal cause of action for participants or beneficiaries who bring actions related to the recovery of benefits, citing to the Supreme Court's decision in *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 62-63 (1987). Because ERISA provides the exclusive remedy for a claim of benefits, Prudential asserted that ERISA completely preempts any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan, citing to the Supreme Court's decision in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 220 (2004).

Mr. Speer filed a motion to remand his action to state court, arguing that his case should be remanded because his claim was not covered by ERISA and that his claim was based on state law, not federal law. The district court denied the motion, explaining that "[Mr. Speer's] claim is preempted by ERISA because it is an action related to the recovery of benefits arising from an ERISA plan." Aplee. App. at 13.

On appeal, Mr. Speer argues that the district court erred in denying his motion to remand. In support of his argument, Mr. Speer cites to our decision in *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146 (10th Cir. 2004). In *Felix*, we determined that plaintiffs' state law claim was not preempted because it did not seek to recover benefits due to them under an ERISA plan. *Id*. at 1159. Instead, the plaintiffs alleged "that they were fraudulently induced to take early retirement, to their financial detriment," and they "[sought] monetary damages from their employer (not from the pension plan) for that alleged fraud." *Id*. *Felix*, however, does not support a reversal here. Mr. Speer does not offer any reasoned or well-supported argument to

4

explain how his claim to recover $21,125.39 allegedly due to him as a beneficiary of his father's life insurance policy is not an action related to the recovery of benefits arising from an ERISA plan and subject to ERISA preemption. Because Mr. Speer asserts a claim against Prudential that arises directly from an ERISA plan and seeks benefits payable under the plan, the district court properly denied his motion to remand. *See Aetna Health, Inc.*, 542 U.S. at 221; *Metropolitan Life Ins. Co.*, 481 U.S. at 62-63.

B. *Motions for Additional Discovery*

Mr. Speer filed a motion for additional or further discovery, two motions to compel discovery, and a motion to defer ruling on summary judgment pending further discovery. All of these motions sought to expand the scope of discovery outside of the materials contained in the administrative record. Prudential argued in response to the requests for discovery that much of the information Mr. Speer sought was already provided in the administrative record and that his discovery requests were generally cumulative, overly broad and vague and ambiguous. The district court denied all of the motions for additional discovery, concluding that Mr. Speer had failed to show the propriety of extra-record discovery.

On appeal, Mr. Speer argues that the district court erred in denying his requests for additional discovery, but he has not adequately explained why he should have been permitted discovery outside of the administrative record. "[I]n reviewing a plan administrator's decision under the arbitrary and capricious standard, the federal courts are limited to the administrative record—the materials complied by the

5

administrator in the course of making his decision." *Weber*, 541 F.3d at 1011. We see no abuse of discretion in the district court's decisions denying Mr. Speer's requests for additional discovery outside of the administrative record.

C. *Motion for Summary Judgment*

Prudential moved for summary judgment on Mr. Speer's claim. In its decision, the court noted that it was undisputed that Prudential mailed a benefits check to Mr. Speer in March 2010 and that Prudential refused to reissue the check. Mr. Speer sought a determination that Prudential was liable to him for the $21,025.39 that he never received. The district court explained that "[w]hether [Prudential] reasonably handled the original benefits claim and [Mr. Speer's] request for re-issuance of the benefits check is a legal question that will determine [Prudential's] liability." R. at 830.

The district court concluded that Prudential's decision to mail Mr. Speer's check to his brother's address was not arbitrary or capricious because Prudential reasonably relied on the information Norman provided when he returned the notarized Preferential Beneficiary's Affidavit.[3] The district court further concluded that Prudential acted in good faith and followed its policies in mailing the check to Norman's address. The court noted that there was no evidence that Prudential engaged in fraud or aided in the fraudulent endorsement of Mr. Speer's check. The

---

[3] Mr. Speer's father did not designate a beneficiary on his life insurance policy. Prudential contacted Mr. Speer's father's employer and learned that he had designated Norman as the beneficiary of his 401(k) fund. Because Prudential only knew of Norman as a potential beneficiary, it communicated with him to obtain information about other potential beneficiaries.

6

court therefore determined that Prudential's decision not to reissue the check to Mr. Speer was neither arbitrary nor capricious.

The district court granted Prudential's motion and entered judgment in its favor. On appeal, Mr. Speer asserts that "[w]hen [Prudential] administered the claim for benefits in March 2010, it was not uniform in operation or effect in distinguishing [his] individual address . . . ." Aplt. Br. at 3A. He further asserts that he "is entitled to half of the funds from his father's insurance policy to be sent to [his] address in order for [him] to receive the benefits of the policy." *Id*. at 3B. Mr. Speer, however, fails to offer a reasoned argument with evidentiary support as to how the district court erred in granting summary judgment or how Prudential's disbursement of his father's insurance proceeds was arbitrary or capricious. We therefore affirm the district court's decision for substantially the same reasons stated in its Memorandum Opinion and Order dated August 19, 2015.

II. Conclusion

For the foregoing reasons, we affirm the district court's judgment. We grant Mr. Speer's motion to proceed in forma pauperis. We remind him that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

7